PEOPLE *v.* DUSTERWINKLE.

1. Criminal Law—Confrontation of Witnesses.
    The defendant in a criminal prosecution is entitled to be confronted with the witnesses against him (Const 1963, art 1, § 20).

2. Same — Preliminary  Examination — Unavailable  Witness — Cross-Examination.
    Testimony taken at a preliminary examination of one accused of crime may be used at the trial by the prosecution whenever

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law § 333 *et seq.*
[2, 4, 5] 21 Am Jur 2d, Criminal Law § 343.
    Use in criminal case of testimony given on former trial, or preliminary examination, by witness not available at present trial. 15 ALR 495, 79 ALR 1392, 122 ALR 425, 159 ALR 1240.
[3] 44 Am Jur, Rape § 73.
[6] 4 Am Jur 2d, Appeal and Error § 541.

the witness giving such testimony cannot be produced at the trial, provided the defendant has had an opportunity to cross-examine such witness and a reasonable effort has been made to obtain his presence at the trial (CL 1948, § 768.26).

3. RAPE—EXAMINING PHYSICIAN—EVIDENCE.

Testimony by an examining physician may be received in a prosecution for statutory rape for the purpose of establishing that an act of sexual intercourse had been committed against the victim (CLS 1961, § 750.520).

4. CRIMINAL LAW—UNAVAILABLE WITNESS—DISCRETION OF COURT.

Whether sufficient effort to secure the attendance of a material witness in a prosecution for crime so as to declare such witness unavailable is a question for determination by the trial judge and his ruling will not be disturbed in the absence of a showing of an abuse of discretion (CL 1948, § 768.26).

5. SAME—RIGHT OF CONFRONTATION—RAPE—EXAMINING PHYSICIAN—UNAVAILABLE WITNESS.

Right of confrontation of witnesses, accorded by the Constitution to a defendant in a prosecution for crime, *held,* not violated in prosecution for statutory rape, where defendant's counsel had cross-examined the examining physician at the preliminary examination and the physician's testimony was used at the trial, as he was then in the military service, over the objection of the defendant who stated he was satisfied every effort had been made to get him to the trial (Const 1963, art 1, § 20; CLS 1961, § 750.520; CL 1948, § 768.26).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—ARGUMENT TO JURY—TRANSCRIPT.

Alleged adverse ruling of trial court with respect to attempted argument to jury by defendant's counsel in prosecution for statutory rape is not passed upon by Court of Appeals where there is no transcript of the arguments to the jury available for examination, objections thereto, or rulings by the court, except a very short excerpt not indicating reversible error (CLS 1961, § 750.520; GCR 1963, 809, 812.10).

Appeal from Ottawa; Smith (Raymond L.), J. Submitted Division 3 February 8, 1966, at Grand Rapids. (Docket No. 996.) Decided April 26, 1966. Leave to appeal denied by Supreme Court July 11, 1966. See 378 Mich 722.

Gary Jay Dusterwinkle was convicted of statutory rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *James W. Bussard,* Prosecuting Attorney, for the people.

*Harry Lieffers, Jr.,* for defendant.

McGREGOR, J. Defendant was convicted in the circuit court by a jury on November 4, 1964, of the offense of statutory rape (CLS 1961, § 750.520 [Stat Ann 1954 Rev § 28.788]). The alleged victim of the offense was a 13-year-old female. At the preliminary examination a doctor was called as a witness. The doctor had examined the complaining witness on the night of the alleged assault and had taken certain specimens from within her female organs, from which said specimens he was able to determine that sperm was present. The record shows that the defendant, through his attorney, at the preliminary examination, did have a complete and adequate opportunity to, and did, cross-examine the doctor. Upon trial, despite the issuance of a subpoena and efforts to secure the attendance of the doctor at the trial, he was not available. The doctor's testimony taken at the preliminary examination was read to the jury, over objections by defendant's counsel, on the grounds that defendant was constitutionally entitled to confrontation of the witness.

The pertinent issue before us appears to be whether or not the defendant's constitutional right of confrontation was violated when the court allowed the reading into evidence of the testimony, taken at the defendant's preliminary examination, of a witness unavailable at trial, now in the military service, whom defendant's counsel had cross-examined. Under the provisions of the Michigan Con-

stitution (1963, art 1, § 20), the defendant in a crim-
inal prosecution is entitled to be confronted with the
witnesses against him.

Use of the testimony of the doctor witness from
the preliminary examination is provided by CL 1948,
§ 768.26 (Stat Ann 1954 Rev § 28.1049) as follows:

"Testimony taken at an examination     *     *     *
may be used by the prosecution whenever the witness
giving such testimony can not, for any reason, be
produced at the trial."

In a prosecution for statutory rape, testimony
by an examining physician may be received for the
purpose of establishing that an act of sexual inter-
course has been committed against the victim. *Peo-
ple* v. *Inman* (1946), 315 Mich 456.

Although the defendant, in his brief, contends that
there was not a sufficient showing of the unavail-
ability of the witness, the record indicates that his
counsel said, at the time of the trial court's consid-
eration thereof, "I am satisfied that every effort
has been made to bring him here." Sufficient effort
to secure the attendance of a material witness is a
question for determination by the trial judge, and
there is no showing of judicial abuse of discretion
under the circumstances in the instant matter. The
ruling of the trial court therein will not be disturbed.

In *People* v. *Hunley* (1946), 313 Mich 688, the
defendant was not represented by counsel at the
preliminary examination, but she did cross-examine
a witness who was unavailable at her trial. The
Supreme Court held that the use of the transcript
of such testimony at the trial of the defendant did
not violate the defendant's constitutional right of
confrontation.

The defendant herein, as supporting his claim,
cites the analogous holding of the United States

Supreme Court in *Pointer* v. *Texas* (1965), 380 US 400 (85 S Ct 1065, 13 L ed 2d 923). In that case, the preliminary hearing was merely a determination of probable cause, which is similar to the requirements of an examination in Michigan. In the *Pointer Case,* defendant was not represented by counsel and did not cross-examine the witness at the preliminary examination, and the United States Supreme Court held that the use of such testimony of an unavailable witness at the subsequent trial constituted a denial of the defendant's constitutional right of confrontation. *Inter alia* the majority opinion supports the people's contention in the instant case, when the court went on to say (p 407):

"The case before us would be quite a different one had Phillips'[*] statement been taken at a full-fledged hearing at which petitioner had been represented by counsel, who had been given a complete and adequate opportunity to cross-examine."

This defendant's constitutional right of confrontation was not violated where the preliminary examination testimony of a witness, unavailable at trial, was received in evidence, when the defendant's attorney had cross-examined said witness at the preliminary examination.

Defendant contends that one of the determinative issues before this Court is the adverse ruling of the trial court to a portion of his attempted argument to the jury. There is no transcript of the respective arguments to the jury, objections thereto, or rulings by the court, except as contained in a very short excerpt. In the absence of a complete transcript, this Court may not pass on such claimed error. The

---

[*] Phillips was the one who was robbed, was not available at the the trial, and whose testimony given at the preliminary hearing was used over defendant's objection at his trial.

short excerpt does not indicate any reversible error on the part of the trial court.

The record does not show any reversible error. The conviction is affirmed.

HOLBROOK, P. J., and BURNS, J., concurred.