## PEOPLE v. CHAPMAN.

1. CRIMINAL LAW—CONSTITUTIONAL LAW—CONFRONTATION OF WITNESSES—ASSISTANCE OF COUNSEL.

Admission into evidence at trial of transcript of testimony of absent State's witness taken at the preliminary hearing on charge of uttering and publishing, when defendant had no counsel to cross-examine the witness *held*, a denial of the constitutional right of confrontation for cross-examination guaranteed by the 6th Amendment of the United States Constitution and applied to the States by the 14th Amendment, since it was not taken at a time and under circumstances affording defendant an adequate opportunity to cross-examine (US Const, Ams 6, 14).

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 343.
[2] 21 Am Jur 2d, Criminal Law § 424.

2. JUDGES—PREJUDICE—DISQUALIFICATION.

> A defendant in prosecution for crime who claims prejudice on the part of the judge before whom the case is heard must make a motion for disqualification of the judge.

Appeal from Oakland; Moore (Arthur E.), J. Submitted January 9, 1968. (Calendar No. 4, Docket No. 51,515.) Decided February 9, 1968.

John William Chapman was convicted of uttering and publishing. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *S. Jerome Bronson,* Prosecuting Attorney, *Robert W. Leutheuser,* Chief Appellate Counsel, and *Bernard Rosner,* Assistant Prosecuting Attorney, for the people.

*John W. Chapman, in propria persona.*

T. M. KAVANAGH, J. Defendant was convicted of the crime of uttering and publishing* and sentenced to a term of 3 to 14 years on March 19, 1963. His motion for a new trial was denied by the trial judge on March 16, 1964.

Defendant is here on leave granted.

Defendant was arrested on a charge of uttering and publishing. He was arraigned on October 30, 1962, and demanded examination and assistance of counsel. At the preliminary examination the court denied his request for appointment of counsel, stating "We don't furnish them. You can have them when you get to circuit court."

One of the chief witnesses for the State—an accountant for the bank upon which the uttered and

---

\* CL 1948, § 750.249 (Stat Ann 1962 Rev § 28.446).

published instrument was drawn—testified at the preliminary examination that he had made a search for an account in the name of the alleged drawer of the instrument and that no such account could be found.

The court asked the defendant if he had any questions of that witness. Defendant replied he would wait until he had a lawyer.

Defendant was then bound over to circuit court for trial.

After arraignment, trial counsel was appointed for defendant.

At the trial the prosecution indorsed another witness on the information. This witness was a court reporter and was added in order to bring in the testimony of the bank accountant who had testified at the preliminary hearing but would not be present at the trial. The court asked defense counsel if he had any objection to the adding of that name, and counsel stated:

"I have no objection to adding Nancy Ballow. However, I do object to striking the bank agent. This effectively deprives us of any right of cross-examination."

Thereafter, at the time the prosecution attempted to admit its exhibit 2—the testimony of the bank accountant given at the preliminary examination— defendant's counsel again objected, stating:

"Your Honor, I certainly have no objection to this as being a true, complete, and accurate transcript of the testimony had at the preliminary examination; but I do have some objections to having it read into the record in this trial. It is my position that this should be inadmissible in that Mr. Chapman, throughout this proceeding protested that he was without the advice of counsel and requested

counsel. It was not given to him. And now to read this into the record effectively deprives Mr. Chapman of any opportunity of confrontation for cross-examination."

The testimony was admitted over the objections.

There are four issues raised on appeal:

1. When a witness for the State was not present at the trial, did the admission of the transcript of his testimony given at the preliminary hearing deny defendant due process of law if defendant did not have counsel to cross-examine that witness at the preliminary hearing?

2. Whether a person who indorses and negotiates a no-account check is guilty of uttering and publishing.

3. Whether the prosecution carried its burden of showing that the drawer was a fictitious person.

4. Whether a conspiracy existed between the trial judge and defense counsel in the trial court.

The first issue raised in this case is the issue decided by the United States Supreme Court in the case of *Pointer* v. *Texas* (1965), 380 US 400 (85 S Ct 1065, 13 L ed 2d 923).

The facts in the *Pointer Case* were as follows: The petitioner and another were arrested in Texas and taken before a State judge for a preliminary hearing on a charge of robbery. At this hearing, the assistant district attorney conducted the prosecution and examined witnesses. Neither of the defendants at that hearing had a lawyer. The chief witness for the State gave his version of the alleged robbery in detail, identifying petitioner as the man who had robbed him at gunpoint. The other defendant attempted to cross-examine the chief witness but the petitioner in that case did not, although the petitioner was said to have tried to cross-examine

other witnesses at that hearing. The petitioner was subsequently indicted on the charge of having committed the robbery.

Some time before the trial was held, the chief witness for the State moved out of the jurisdiction. At the trial the State submitted evidence to show that the chief witness had moved and did not intend to return to Texas. The State offered the transcript of the testimony given at the preliminary hearing as evidence against the petitioner. Petitioner's counsel immediately objected to the introduction of the transcript for the reason petitioner was denied his constitutional right of confrontation for cross-examination of the witnesses against him. Similar objections were repeatedly made, but were overruled by the trial judge for the reason petitioner had been present at the preliminary hearing and therefore had been accorded his opportunity to cross-examine the witnesses. The issue as stated by Mr. Justice Black, delivering the opinion of the Court, was as follows (p 403):

"In this case the objections and arguments in the trial court as well as the arguments in the court of criminal appeals and before us make it clear that petitioner's objection is based not so much on the fact that he had no lawyer when Phillips made his statement at the preliminary hearing, as on the fact that use of the transcript of that statement at the trial denied petitioner any opportunity to have the benefit of counsel's cross-examination of the principal witness against him. It is that latter question which we decide here."

In *Pointer* the Court reiterated some of its holdings in other cases—that the Sixth Amendment's right to the assistance of counsel is obligatory upon the States, and that the Fifth Amendment's guaran-

tee against self-incrimination was made applicable to the States by the Fourteenth Amendment. The Court then held the Sixth Amendment's right of an accused to confront the witnesses against him is likewise a fundamental right and is made obligatory on the States by the Fourteenth Amendment. The Court concluded (pp 407, 408):

"Because the transcript of Phillips' statement offered against petitioner at his trial had not been taken at a time and under circumstances affording petitioner through counsel an adequate opportunity to cross-examine Phillips, its introduction in a Federal court in a criminal case against Pointer would have amounted to denial of the privilege of confrontation guaranteed by the Sixth Amendment. Since we hold that the right of an accused to be confronted with the witnesses against him must be determined by the same standards whether the right is denied in a Federal or State proceeding, it follows that use of the transcript to convict petitioner denied him a constitutional right, and that his conviction must be reversed."

In the case at bar we hold that because the transcript of the statement of the prosecution's witness offered against the defendant at his trial had not been taken at a time and under circumstances affording defendant, through counsel, an adequate opportunity to cross-examine that witness, its introduction amounted to a denial of the constitutional right of confrontation for cross-examination guaranteed by the Sixth Amendment and applied to the States by the Fourteenth Amendment.

In view of the above holding, a new trial will result. Therefore, we need not discuss the other questions raised except defendant's claim of prejudice on the part of the trial judge. If defendant is

serious about this claim, he may follow the regular
procedure and move for disqualification.

Reversed.   New trial granted.

DETHMERS, C. J., and KELLY, SOURIS, O'HARA,
ADAMS, and BRENNAN, JJ., concurred with T. M.
KAVANAGH, J.

BLACK, J., concurred in result.