PEOPLE *v.* MARTIN #2

1. CONSTITUTIONAL LAW—CRIMINAL LAW—WITNESSES—ACCUSED'S
RIGHTS—CONFRONTATION—CROSS-EXAMINATION.

   An accused's Sixth Amendment rights of confrontation and
   cross-examination of witnesses under the Federal constitution
   is secured to state court defendants through the Fourteenth
   Amendment (US Const, Ams 6, 14).

2. CONSTITUTIONAL LAW—CRIMINAL LAW—PRELIMINARY EXAMINA-
TION—WITNESSES—TESTIMONY—ADMISSIBILITY.

   Testimony of witnesses taken at a preliminary examination
   where the accused was effectively denied his rights of cross-
   examination and of confrontation is inadmissible at trial
   (US Const, Ams 6, 14).

3. CRIMINAL LAW—PRELIMINARY EXAMINATION—WITNESSES—PRE-
LIMINARY TESTIMONY—TRIAL—ADMISSIBILITY.

   Preliminary examination testimony of a witness is admissible at
   an accused's trial where the accused was represented by counsel
   at the preliminary hearing, and his counsel either fully cross-
   examined or, when given that opportunity, apparently failed
   to fully cross-examine a certain witness who later became
   unavailable to testify at trial because of either physical or
   mental incapacitation.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 16 Am Jur 2d, Constitutional Law § 574.
   21 Am Jur 2d, Criminal Law §§ 335, 336.
[2, 3, 5] 21 Am Jur 2d, Criminal Law §§ 337, 343, 344.
[4, 6] 21 Am Jur 2d, Criminal Law §§ 343, 344, 367.
[7] 21 Am Jur 2d, Criminal Law §§ 337, 343, 344, 443, 444, 447, 449,
   550.

4. Criminal Law—Preliminary Examination—Witnesses—Testimony—Admissibility.

The prosecution must satisfy the trial court that it is in no way responsible for the unavailability of a witness whose preliminary examination testimony it is offering for admission at defendant's trial.

5. Criminal Law—Preliminary Examination—Witnesses—Testimony—Cross-Examination Limitations—Trial—Evidence—Admissibility.

Any effort by a trial court to limit the pertinent and fair cross-examination of witnesses at an accused's preliminary examination renders those witnesses' testimony inadmissible at trial.

6. Criminal Law—Rape—Witnesses—Preliminary Examination—Testimony—Admissibility.

Preliminary examination testimony of rape complainant who died shortly thereafter was admissible at defendant's trial where defense counsel at the preliminary hearing was given an opportunity to fully cross-examine the complainant but for reasons of his own asked complainant only two questions.

7. Criminal Law—Rape—Preliminary Examination—Witnesses—Cross-Examination—Probable Cause—Courts—Admonitory Remarks.

Admonitory remarks by judge at the outset of defendant's preliminary examination on a rape charge that only probable cause had to be established, that therefore only questions essential to the establishment of probable cause should be asked, and that both counsel were entitled to fully cross-examine witnesses but that they should confine themselves to salient points only since the examination was not a trial on the merits, were nothing more than statements of the law and suggestions to expedite the proceedings and did not contribute to defense counsel's truncated cross-examination of the complainant where it was apparent from the record that counsel had his own reasons for asking complainant only two questions.

Appeal from Recorder's Court of Detroit, Vincent J. Brennan, J. Submitted Division 1 January 13, 1970, at Detroit. (Docket No. 7,014.) Decided February 6, 1970.

Tommye Douglas Martin was convicted in a non-jury trial of armed robbery, assault with intent to commit murder and rape. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Leonard Meyers,* Assistant Prosecuting Attorney, for the people.

*Eugene A. Sikora,* for defendant on appeal.

Before: Danhof, P. J., and Fitzgerald and Mc-Gregor, JJ.

Fitzgerald, J.    Defendant was arrested and charged with robbery armed,[1] assault with intent to commit murder,[2] and rape.[3]   All three charges grew out of an incident in Detroit on April 9, 1967.   It was alleged that on that date appellant entered the apartment of Mr. and Mrs. Clarence Dunning, threatened repeatedly to kill them, robbed them, beat them both severally, and raped Mrs. Dunning.

At the preliminary examination, Mrs. Dunning testified as to the events, and appellant was held for trial.   In July, 1967, Mrs. Dunning died.

On October 14, 1967, trial was had without a jury in the Recorder's Court for the City of Detroit.   At trial, over the objection of defense counsel, the people introduced the transcript of Mrs. Dunning's testimony at the preliminary examination.   Earlier in the trial, Mr. Dunning had testified as to the robbery and assault with intent to commit murder, but

[1] MCLA § 750.529 (Stat Ann 1969 Cum Supp § 28.797).
[2] MCLA § 750.83 (Stat Ann 1962 Rev § 28.278).
[3] MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).

he testified that he was blindfolded and in an adjoining room when the alleged rape took place.

Defendant was found guilty of all three charges against him and sentenced to life imprisonment. He then perfected this appeal.

There is but one issue raised on appeal: did the trial court commit reversible error by admitting the transcript of Mrs. Dunning's testimony at the preliminary examination? Defendant contends that the admission of this testimony violated his right to cross-examination and confrontation of witnesses, which right is guaranteed by the Michigan Constitution, Const 1963, art 1, § 20. He specifically points out the trial court's remarks at the outset of the preliminary examination:

*"The Court:* At the outset of this case, before calling it, the court would like to request counsel on both sides, to bear in mind that this is an examination where only probable cause is necessary to be established, and that this is not a trial on the merits of the case, and with that in mind the court suggests that only questions that might be essential to the establishing of probable cause be gone into at this time.

"Now, the court does not say that with the idea of stopping you at all from going into a full and complete cross-examination of the witness, but merely to suggest that you confine your questions to the salient points only."

Though given the opportunity, the cross-examination of the people's witness, the deceased Mrs. Dunning, consisted of two questions, to wit:

*"Cross-examination*

*"By Mr. Dye:*
*"Q:* You are Mrs. Dunning, is that correct?
*"A:* Yes.

"*Q:* Would you please repeat for me what you said this party was wearing at the time?

"*A:* The only thing I noticed was a light-colored jacket, and I think it was beige.

"*Mr. Dye:* All right, I have no further questions of the witness."

Defendant argues that full and vigorous cross-examination was forestalled by the trial court's opening statement to opposing counsel, and that this truncated cross-examination was a direct consequence of said statement.

Under the appropriate circumstances, Michigan criminal procedure permits the introduction of prior recorded testimony (MCLA § 768.26 [Stat Ann 1954 Rev § 28.1049]), in accordance with generally accepted rules of evidence. 5 Wigmore, Evidence (3rd Ed), §§ 1395, 1396, 1402. However, the United States Supreme Court has declared that the 6th Amendment right to cross-examine and confront witnesses is secured to state court defendants through the 14th Amendment. *Douglas* v. *Alabama* (1965), 380 US 415 (85 S Ct 1074, 13 L Ed 2d 934). Accordingly, where a defendant has been effectively denied his rights of cross-examination and confrontation at a preliminary examination, testimony taken at the examination may not be introduced at trial. *Pointer* v. *Texas* (1965), 380 US 400 (85 S Ct 1065, 13 L Ed 2d 923).

The holding in *Pointer* is not authority for the instant case in that the defendant Pointer was not represented by counsel at the preliminary examination. The numerous post-*Pointer* Michigan cases dealing with the admissibility of preliminary examination testimony at trial all indicate that defense counsel did in fact conduct cross-examination of adverse witnesses. *People* v. *Doverspike* (1966), 5 Mich App 181; *People* v. *Frazier* (1969), 16 Mich

App 38; *People v. Havey* (1968), 11 Mich App 69, and *People v. Dusterwinkle* (1966), 3 Mich App 150. The precise situation here, where defendant's attorney conducted seemingly perfunctory cross-examination, is one of first impression in this state.

Adding to the uncertainty are *dicta* from two United States Supreme Court cases, *Pointer, supra,* and *Barber v. Page* (1968), 390 US 719 (88 S Ct 1318, 20 L Ed 2d 255). In *Pointer,* at p 407, the Court said:

"The case before us would be quite a different one had [the] statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine."

In *Barber,* at p 725, the Court subsequently said:

"The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness. A preliminary hearing is ordinarily a much less searching exploration into the merits of a case than a trial. * * * [T]here may be some justification for holding that the opportunity for cross-examination of a witness at a preliminary hearing satisfies the demands of the confrontation clause. * * * "

The language of the Michigan cases does not amplify the situation. *People v. Doverspike, supra, People v. Dusterwinkle, supra,* and *People v. Frazier, supra,* make no reference to the "opportunity" for complete cross-examination. The holding in *Havey, supra,* refers to the fact that "defendant Havey's counsel was given a complete and adequate opportunity to cross-examine * * * and in fact cross-examined the witness at length," citing

*People v. Chapman* (1968), 380 Mich 74, which is virtually identical to *Pointer* on its facts.

The California courts have grappled with the problem of the admissibility of preliminary examination testimony at trial, and their discussions are worthy of some attention. Of particular importance to the case at bar, where the *nature* of the preliminary examination is being challenged, is *People* v. *Gibbs* (1967), 255 Cal App 2d 739, 743 (63 Cal Rptr 471). In reversing appellant's conviction, the court there said:

"Bare existence of an opportunity for cross-examination in a prior proceeding supplies only a limited indicator of the opportunity's adequacy. *Pointer* v. *State of Texas* holds the opportunity inadequate when the accused has no lawyer. The presence and participation of counsel, however, do not necessarily ensure the opportunity's adequacy. Qualitative factors play a role. The nature of the proceeding; the character of the witness and his connection with the events; the extent and subject of his direct testimony; the time and preparatory opportunities available to the accused and his attorney—these are some of the influential factors."

Also highly relevant to the case here is *People* v. *Berger* (1968), 258 Cal App 2d 622 (66 Cal Rptr 213). In *Berger,* appellant claimed that he was denied the right to cross-examination when his attorney failed to cross-examine a witness at a preliminary examination, and a transcript of the testimony was later introduced at trial. The court responded:

" 'Innumerable appellate court cases in California support the rule of law that where a live and otherwise competent witness is absent from the state, without any complicity to keep him from the court and his testimony has been previously given and recorded before the defendant with adequate oppor-

tunity by defendant's counsel to cross-examine, the evidence so given is admissible and not violative of defendant's constitutional rights of due process.' Among the crucial words in the above statement are 'adequate opportunity' for cross-examination of the absent witness as contrasted with the present claim that such witness was not in fact subjected to adequate cross-questioning. The present contention appears to be of the hindsight variety since it goes to the matter of Dunston's motives in testifying as he did. The constitutional guarantees do not go that far, at least in the present case, thus distinguishing it from *People* v. *Gibbs* (1968), 255 Cal App 2d 739 (63 Cal Rptr 471)."

*People* v. *Berger* was remanded to the California court by the United States Supreme Court (1969), 393 US 314 (89 S Ct 540, 21 L Ed 2d 508), to be considered in the light of *Barber* v. *Page, supra.* On remand, the California court reversed Berger's conviction because the prosecution had made no good-faith attempt to secure the missing witness (1969), 272 ACA 671 (77 Cal Rptr 617). In the instant case, the question does not arise, since the witness was deceased. See, also, *People* v. *Washington* (1967), 248 Cal App 2d 470 (57 Cal Rptr 487).

In accord is *People* v. *Davis* (1968), 265 ACA 889 (71 Cal Rptr 656), where the court found constitutional guarantees satisfied if, at the preliminary examination, "the witness was either cross-examined or the opportunity to so examine was available and appellant was represented by competent counsel." See *People* v. *King* (1969), 269 ACA 35 (74 Cal Rptr 679), and *People* v. *Green* (1969), 70 ACA 696 (75 Cal Rptr 782).

Another decision to consider is *Commonwealth* v. *Mustone* (Supreme Judicial Court of Massachusetts, 1968), 233 NE2d 1. This case is similar on its facts to the one at hand. The Supreme Judicial Court of

Massachusetts ruled that the transcript of testimony
of a deceased, taken at a prior hearing on probable
cause, was admissible at trial, despite the fact that
no cross-examination of the witness had been under-
taken by defendant's counsel. The court said at
p 4:

"It is not material that, as a matter of tactics, the
defendants (1) may not have wished to cross-ex-
amine at the probable cause hearing in a manner
which would have revealed their proposed defenses
or their trial strategy, or (2) preferred to conduct
some cross-examination for the first time at trial.
*If they failed to cross-examine any witness fully
at the probable cause hearing, they necessarily as-
sumed the risk that the witness would die or be-
come unavailable before trial, so that his initial tes-
timony could be admitted at trial."* (Emphasis
supplied.)

An analysis of the cases discussed previously re-
flects the following rules enunciated by current
judicial thinking and best legal authority with re-
spect to this perplexing problem:

1. Where defendant is not represented by counsel
at the preliminary hearing, all testimony given at
the hearing is inadmissible at trial. (*Pointer* v.
*Texas, supra.*)

2. Where defendant is represented by counsel at
the preliminary hearing, and counsel fully cross-ex-
amines a given witness, the transcript of testimony
is nonetheless *inadmissible* at trial unless the wit-
ness in question cannot reasonably be brought be-
fore the court, or is physically or mentally inca-
pacitated. The prosecution must satisfy the court
that it in no way caused the witness to be unavail-
able. *Barber* v. *Page, supra; People* v. *Doverspike,
supra; People* v. *Dusterwinkle, supra; People* v.
*Gibbs, supra; People* v. *Green, supra; People* v.
*Washington, supra.*

3. Where defendant is represented by counsel at preliminary hearing, and counsel apparently fails to cross-examine fully a given witness, the transcript of this witness's testimony is *admissible* at trial *if* (a) the unavailability criteria of Rule 2, above, are fulfilled, and (b) the opportunity for cross-examination was available but not exercised. Any effort by the court to limit pertinent and fair cross-examination renders the testimony inadmissible at trial. *People* v. *Havey, supra; People* v. *Gibbs, supra; Jones* v. *California* (CA 9, 1966), 364 F2d 522; *Commonwealth* v. *Mustone, supra.*

Applying these standards to the facts of the case at hand, the court's admonition at the outset of the preliminary examination failed to taint the proceedings. Admittedly, this is a fine question, but after careful study of the record it becomes apparent that defense counsel declined to cross-examine Mrs. Dunning for his own reasons. The remarks of the court were no more than a concise statement of the law and a suggestion to expedite the proceedings.

Affirmed.

All concurred.