PEOPLE v RIZZO

PEOPLE v VASSALLO

1. CRIMINAL LAW—PRELIMINARY EXAMINATION TRANSCRIPT—TESTIMONY—ADMISSIBILITY.

Only testimony taken at a preliminary examination is admissible pursuant to statute; those parts of the transcript which are not testimony, such as comments or stricken testimony, are not admissible (MCLA 768.26).

2. CRIMINAL LAW—PRELIMINARY EXAMINATION TRANSCRIPT—TESTIMONY—ADMISSIBILITY.

Admitting into defendant's trial the entire preliminary examination transcript of a missing witness, which included stricken testimony, comments, objections, and argument, was error, but not reversible error where defendants were not prejudiced by the admission of the entire transcript in that the evidence of their guilt, even without the transcript, was overwhelming (MCLA 768.26).

Appeal from Macomb, Frank E. Jeannette, J. Submitted Division 2 April 7, 1972, at Lansing. (Docket Nos. 11702, 11703.) Decided May 1, 1972. Leave to appeal denied, 388 Mich 769.

Joseph Rizzo and Casimo Vassallo were convicted of breaking and entering an occupied dwelling with intent to commit larceny. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Thaddeus F. Hamera,* Chief Appellate Lawyer, and *Don L. Milbourn,* Assistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law § 442 *et seq.*
[2] 5 Am Jur 2d, Appeal and Error § 717.

*Towner, Rosin & York,* for defendants on appeal.

Before: QUINN, P. J., and V. J. BRENNAN and
TARGONSKI,* JJ.

PER CURIAM. A jury convicted defendants of
breaking and entering an occupied dwelling with
intent to commit larceny, MCLA 750.110; MSA
28.305. They appeal on the basis of two issues
which we restate for accuracy as follows:

1. Was it reversible error to admit the prelimi-
nary examination testimony of a missing witness?

2. Was reversible error committed by admitting
the entire transcript of that testimony which in-
cluded stricken testimony, comments, objections
and argument of counsel and the examining magi-
strate?

A lengthy recitation of the facts would serve no
purpose. We merely observe that proof of the
offense and of defendants' participation therein
was overwhelming.

Reiteration of the rules governing use at trial of
a missing witness's testimony at preliminary ex-
amination is unnecessary. They are clearly stated
in *People v Martin #2,* 21 Mich App 667 (1970).
Following an extensive hearing to determine what
the prosecution had done to secure the appearance
of the missing witness, the trial court found that
the prosecutor had exercised due diligence in his
attempt to produce the witness and admitted the
preliminary examination testimony of that wit-
ness. On review, we are not able to find that the
finding of due diligence was clearly erroneous,
GCR 1963, 517.1. There was no abuse of discretion
and no error in admitting the preliminary exami-
nation testimony of the missing witness.

---

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The statute, MCLA 768.26; MSA 28.1049, authorizes the use of "testimony taken at an examination, * * * ". This precludes use of those parts of the transcript that are not testimony. It was error to admit the entire transcript. The record precludes a finding that this was reversible error, however, because defendants have failed to demonstrate prejudice from admission of the entire transcript. Without the transcript, the evidence of defendants' guilt was overwhelming. No miscarriage of justice is shown, MCLA 769.26; MSA 28.1096.

Affirmed.