PEOPLE v SPRINGER

1. Criminal Law—Preliminary Examination—Proofs.

   The proofs at a preliminary examination must establish, not prove, that a crime has been committed and that the accused could have committed it, not that he did.

2. Criminal Law—Preliminary Examination—Rights of Defendants—Witnesses—Trial—Courts—Magistrate.

   The right to a preliminary examination does not mean that a defendant is entitled to present all witnesses and all fact issues; the magistrate must control the proceedings in an orderly manner, allowing examination into the witnesses' perception, bias, memory, and credibility.

3. Criminal Law—Preliminary Examination—Magistrate—Courts—Discretion—Trial.

   An examining magistrate need not find guilt beyond a reasonable doubt in conducting a preliminary examination; he has discretionary control of the entire preliminary examination, and after the crime and its elements are established and the identity of the person who probably committed it is established, the rest of the testimony becomes a question of fact and credibility for the trier of facts to determine.

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted May 8, 1975, at Detroit. (Docket No. 21876.) Decided September 11, 1975. Leave to appeal applied for.

Jimmie L. Springer was charged with first-degree murder. Motion to quash the information denied. Defendant appeals by leave granted. Affirmed.

Reference for Points in Headnotes
[1–3] 21 Am Jur 2d, Criminal Law §§ 440–451.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training & Appeals, and *Gerald A. Poehlman,* Assistant Prosecuting Attorney, for the people.

*Gage, Burgess, Knox, Burgess & Eaman,* for defendant.

Before: V. J. BRENNAN, P. J., and McGREGOR and D. F. WALSH, JJ.

V. J. BRENNAN, P. J. A warrant charging first-degree murder was issued against defendant on May 26, 1974. MCLA 750.316; MSA 28.548.

On June 5, 1974, a preliminary examination was held before Recorder's Court Judge and acting magistrate George W. Crockett, Jr. At this examination, James Younger, a Detroit police officer, was called as the first witness by the prosecution. It was Younger's partner's death with which the defendant was charged.

At the conclusion of the preliminary examination, the defendant was bound over for trial on the charge of first-degree murder by the magistrate.

Defendant then brought a motion to quash the information before the judge assigned to hear the case on the merits. From a denial of that motion defendant filed an application for leave to appeal. On January 7, 1975, this Court granted defendant's application for leave to appeal.

Defendant claims the examining magistrate abused his discretion by not allowing defendant's counsel further cross-examination.

In reviewing the record we note the witness examined was an eyewitness; defendant cross-examined him at length, *i.e.,* about 18 pages of

transcript concerning all aspects of the shooting. This witness's testimony very thoroughly established the elements of the crime and identified the defendant as the possible perpetrator.

The purposes of the preliminary examination are elementary; namely, the proofs must establish, not prove, that a crime has been committed and that this person *could have* committed it, not that he did.

This right to a preliminary examination does not mean an entire trial; there is no right to parade witness after witness before the magistrate merely creating one fact issue after another. The magistrate has to control these proceedings in an orderly manner, allowing examination into perception, bias, memory, and credibility. Here, that was clearly allowed.

After the crime and its elements are established and the identity of the person *probably* committing it is established, the rest of the testimony becomes a question of fact and credibility for the trier of the facts to determine; namely the jury or trial judge. The examining magistrate does not have to find guilt beyond a reasonable doubt. He has discretionary control of the entire preliminary examination.

We find no abuse of that discretion on this record.

Affirmed.