## PEOPLE v WITTEBORT

1. CONSTITUTIONAL LAW—CRIMINAL LAW—WITNESSES—PRIOR RE-
CORDED TESTIMONY—CROSS-EXAMINATION—ADMISSIBILITY AT
TRIAL—STATUTES.

Michigan criminal procedure, under the appropriate circum-
stances, permits the introduction of prior recorded sworn testi-
mony taken in accordance with generally accepted rules of
evidence; however, the right to cross-examine and confront
witnesses is secured by the constitution, and where a defendant
has been effectively denied these rights at a preliminary exami-
nation, testimony taken at the examination may not be intro-
duced at trial (US Const, Am VI, XIV, MCLA 768.26; MSA
28.1049).

2. WITNESSES—CRIMINAL LAW—PRELIMINARY EXAMINATION TESTI-
MONY—CROSS-EXAMINATION—ADMISSIBILITY AT TRIAL.

Perfunctory cross-examination of a witness at a preliminary
examination may be sufficient to admit the transcript of this
witness's testimony at a later trial at which the witness is
unavailable.

3. WITNESSES—CRIMINAL LAW—PRELIMINARY HEARING TESTIMONY—
CROSS-EXAMINATION—ADMISSIBILITY AT TRIAL.

Generally, the transcript of a witness's testimony at a prelimi-
nary hearing is admissible at a later criminal trial at which the
witness is unavailable where the defendant was represented by
counsel at the preliminary hearing and apparently failed to
exercise what was an adequate opportunity for cross-examina-
tion.

4. WITNESSES—CRIMINAL LAW—PRIOR RECORDED TESTIMONY—CROSS-
EXAMINATION—OPPORTUNITY TO CROSS-EXAMINE—ADEQUACY OF
OPPORTUNITY.

Admissibility of a witness's prior recorded sworn testimony at a

---

REFERENCES FOR POINTS IN HEADNOTES

[1–6] 21 Am Jur 2d, Criminal Law §§ 343, 344.

29 Am Jur 2d, Evidence § 761.

Claim of privilege by a witness as justifying the use in criminal
case of his testimony given on a former trial or preliminary
examination. 45 ALR2d 1354.

preliminary hearing turns upon the opportunity for cross-examination at the preliminary hearing; adequacy of opportunity depends upon qualitative factors such as the presence and participation of counsel, the nature of the proceeding, the character of the witness and his connection with the events, the extent and subject of his direct testimony, and the time and preparatory opportunities available to the accused and his attorney.

5. Appeal and Error—Witnesses—Preliminary Examination Testimony—Judge's Discretion—Review of Record.

A determination of whether a trial court abused its discretion in admitting the preliminary examination testimony of a witness at a later trial requires a qualitative review of the record.

6. Witnesses—Criminal Law—Preliminary Examination Testimony—Cross-Examination—Admissibility at Trial.

Mere opportunity at a preliminary examination to cross-examine a witness who later becomes incapable of testifying at trial may be insufficient for a trial court to admit the testimony of that witness, but where the record indicates that cross-examination would have been counter-productive to the defendant and where counsel participated to the extent of interposing objections to questions asked on direct examination of the witness, the constitutionally mandated adequate opportunity to cross-examine the witness has been met and the earlier testimony of the witness is admissible at the later trial.

Appeal from Muskegon, John H. Piercey, J. Submitted November 1, 1977, at Grand Rapids. (Docket No. 30899.) Decided February 23, 1978.

Arthur W. Wittebort was convicted of breaking and entering a building with intent to commit a felony. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Gerald D. Warner,* Prosecuting Attorney, and *Gerald W. Gibbs,* Assistant Prosecuting Attorney, for the people.

*Marietti, Mullally & Grimm,* for defendant.

Before: R. M. MAHER, P. J., and M. F. CAVANAGH and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant was convicted of breaking and entering, MCLA 750.110; MSA 28.305, placed on two years probation and ordered to pay court costs of $100. He appeals, raising two contentions, only one of which merits discussion.

Defendant contends that the trial court committed reversible error by admitting the preliminary examination testimony of a witness who died prior to trial.

Admission of such evidence is governed generally by *People v Martin #2*, 21 Mich App 667, 671; 176 NW2d 470 (1970), *lv den* 384 Mich 820 (1971):

"Under the appropriate circumstances, Michigan criminal procedure permits the introduction of prior recorded testimony (MCLA § 768.26 [Stat Ann 1954 Rev § 28.1049]), in accordance with generally accepted rules of evidence. 5 Wigmore, Evidence (3rd Ed), §§ 1395, 1396, 1402. However, the United States Supreme Court has declared that the 6th Amendment right to cross-examine and confront witnesses is secured to state court defendants through the 14th Amendment. *Douglas v. Alabama* (1965), 380 US 415 (85 S Ct 1074, 13 L Ed 2d 934). Accordingly, where a defendant has been effectively denied his rights of cross-examination and confrontation at a preliminary examination, testimony taken at the examination may not be introduced at trial. *Pointer v. Texas* (1965), 380 US 400 (85 S Ct 1065, 13 L Ed 2d 923)."

The precise question we must answer is, under the facts of this case, was defendant denied his constitutional right of cross-examination and confrontation?

At the preliminary examination, assigned coun-

sel for defendant recognized a witness, a Mr. Jamison, as a client. Defendant's original counsel, recognizing the conflict of interest, explained it to the examining magistrate and moved for an adjournment to "arrange for a public defender without conflict".

The magistrate took a brief recess to look for another public defender in the building. Substitute counsel was procured. Witness Jamison was then sworn and the examination continued. Jamison gave crucial incriminating testimony. Substitute counsel did not question him, nor did he ask for an adjournment of the preliminary examination.

There is no definitive Michigan case law covering this factual situation. Perfunctory cross-examination was held sufficient in *People v Martin #2, supra.* There, this Court held that:

"Where defendant is represented by counsel at preliminary hearing, and counsel apparently fails to cross-examine fully a given witness, the transcript of this witness's testimony is *admissible* at trial if * * * the opportunity for cross-examination was available but not exercised." (Emphasis in original.) 21 Mich App at 676.

In this case, as an "opportunity" for cross-examination existed at the preliminary examination, the authority cited above would appear to bar relief for defendant. However, it is not enough to speak of "opportunity" without looking to see how the *Martin* Court defined the term.

This Court in *Martin* considered the following passage from *Pointer v Texas,* 380 US 400, 407; 85 S Ct 1065; 13 L Ed 2d 923 (1965):

" 'The case before us would be quite a different one had [the] statement been taken at a full-fledged hearing at which petitioner had been represented by counsel

who had been given a complete and adequate opportunity to cross-examine.' " 21 Mich App at 672.

Judge (now Justice) FITZGERALD also examined relevant California precedent:

"Of particular importance to the case at bar, where the *nature* of the preliminary examination is being challenged, is *People v. Gibbs* (1967), 255 Cal App 2d 739, 743 (63 Cal Rptr 471). In reversing appellant's conviction, the court there said:

" 'Bare existence of an opportunity for cross-examination in a prior proceeding supplies only a limited indicator of the opportunity's adequacy. *Pointer v. State of Texas* holds the opportunity inadequate when the accused has no lawyer. The presence and participation of counsel, however, do not necessarily ensure the opportunity's adequacy. Qualitative factors play a role. The nature of the proceeding; the character of the witness and his connection with the events; the extent and subject of his direct testimony; the time and preparatory opportunities available to the accused and his attorney—these are some of the influential factors.' " (Emphasis in original.) 21 Mich App at 673.

It is, therefore, noteworthy that the *Martin* Court reached its conclusion only "after careful study of the record" and only because it was "apparent that defense counsel declined to cross-examine Mrs. Dunning for his own reasons." 21 Mich App at 676.

In this case, we have undertaken a qualitative review of the record as suggested in *People v Gibbs, supra.* From the record adduced both at the preliminary examination and at trial, we cannot say that the trial court abused its discretion. The extent and subject of witness Jamison's testimony indicates that cross-examination would have been counter-productive to defendant. Furthermore, substitute counsel participated to the extent of

interposing objections to questions asked on direct examination of witness Jamison. Therefore, although mere "opportunity" to cross-examine may be insufficient for a trial court to admit preliminary examination testimony of a witness who died prior to trial, in this case, defense counsel had the constitutionally mandated "adequate" opportunity.

As there was no error, we affirm.[1]

[1] Appellant's second argument, concerning a prosecutorial motion regarding defendant's prior felony convictions, has been considered and is without merit.