*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TREVION TERELLE SMITH-JOHNSON,

Defendant-Appellant.

UNPUBLISHED
November 25, 2024
9:58 AM

No. 369208
Macomb Circuit Court
LC No. 2023-002550-FC

Before: LETICA, P.J., and BOONSTRA and MARIANI, JJ.

LETICA, P.J. (*dissenting*).

I respectfully dissent. I would vacate and remand the matter to the district court to continue defendant's preliminary examination to permit defense counsel to finish his cross-examination of the victim.

## I. STANDARD OF REVIEW

This Court reviews the decision to bindover a defendant for an abuse of discretion. *People v Fairey*, 325 Mich App 645, 649; 928 NW2d 705 (2018). An abuse of discretion occurs when a trial court's decision falls outside the range of reasonable and principled outcomes. *People v Hawkins*, 340 Mich App 155, 173; 985 NW2d 853 (2022). A "court necessarily abuses its discretion when it makes an error of law." *People v Gerhard*, 337 Mich App 680, 685; 976 NW2d 907 (2021) (quotation marks and citations omitted). "Absent an abuse of discretion, a reviewing court should not disturb the district court's bindover decision." *People v Seewald*, 499 Mich 111, 116; 879 NW2d 237 (2016). "A circuit court's decision with respect to a motion to quash a bindover order is not entitled to deference because this Court applies the same standard of review to this issue as the circuit court." *People v Hudson*, 241 Mich 268, 276; 615 NW2d 784 (2000).

The interpretation of a statute or court rule is reviewed de novo. *People v Parker*, 319 Mich App 664, 669; 903 NW2d 405 (2017). When interpreting a statute, the primary goal is to ascertain and give effect to the intent of the Legislature. *People v Morrison*, 328 Mich App 647, 651; 939 NW2d 728 (2019). If the statutory language is plain and unambiguous, the legislative intent is clearly expressed, and judicial construction is neither permitted nor required. *Id.* When interpreting a statute, the appellate court must give effect to every word, phrase, and clause and

-1-

not render any part of the statute surplusage or nugatory. *People v Rea*, 500 Mich 422, 427-428; 902 NW2d 362 (2017). Likewise, courts interpret and apply court rules in accordance with the drafter's intent, which, in turn, is determined by the plain meaning of the language used. *People v Robbins*, 223 Mich App 355, 360; 566 NW2d 49 (1997). Moreover, the term "shall" whether used in a statute or court rule denotes mandatory, not permissive or discretionary action. See *In re Bail Bond Forfeiture*, 496 Mich 320, 328; 852 NW2d 747 (2014); *People v Francisco*, 474 Mich 82, 87; 711 NW2d 44 (2006); *People v Shaver*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 361488), slip op at 3.

## II. ANALYSIS

Defendant contends that he was entitled to further cross-examination of the victim at the preliminary examination. Under the circumstances of this case, I agree that a remand is warranted to the district court for continuation of the preliminary examination.

As the majority discusses, "[a]t a preliminary examination, the prosecution must present evidence establishing that the defendant committed the charged offense, and the district court must find that probable cause exists to bind over a defendant for trial." *Fairey*, 325 Mich App at 648-649 (citation omitted). "To satisfy this burden, the prosecution must present evidence of each and every element of the charged offense, or enough evidence from which an element may be inferred." *Id*. at 649. "Probable cause requires a quantum of evidence sufficient to cause a person of ordinary prudence and caution to conscientiously entertain a reasonable belief of the accused's guilt." *People v Yost*, 468 Mich 122, 126; 659 NW2d 604 (2003) (quotation marks and citation omitted). The district court must "consider all the evidence presented," including the credibility of a witness's testimony, when making its decision on whether probable cause was shown. *People v Anderson*, 501 Mich 175, 178; 912 NW2d 503 (2018). A preliminary examination is not a constitutional right, but in Michigan, defendants are afforded a statutory right to a preliminary examination. *Id*. at 182, citing MCL 766.1. There is also no constitutional right of confrontation at a preliminary hearing. *People v Olney*, 327 Mich App 319, 331; 933 NW2d 744 (2019). "The state and the defendant are entitled to a prompt examination and determination by the examining magistrate in all criminal causes . . . ." MCL 766.1. Even so, a probable cause conference may be conducted to determine a possible plea agreement, bail, stipulations and procedural aspects, and any other pertinent issue. MCL 766.4(1). But, the parties may decide to proceed to the preliminary examination:

> If a plea agreement is not reached and if the preliminary examination is not waived by the defendant with the consent of the prosecuting attorney, a preliminary examination shall be held as scheduled unless adjourned or waived under [MCL 766.7]. The parties, with the approval of the court, may agree to schedule the preliminary examination earlier than 5 days after the conference. Upon the request of the prosecuting attorney, however, the preliminary examination shall commence immediately for the sole purpose of taking and preserving the testimony of a victim if the victim is present. For purposes of this subdivision, "victim" means an individual who suffers direct or threatened physical, financial, or emotional harm as a result of the commission of a crime. If that testimony is insufficient to establish probable cause to believe that the defendant committed the charged crime or crimes, the magistrate shall adjourn the preliminary examination to the date set at arraignment. A victim who testifies under this subdivision shall not be called again

to testify at the adjourned preliminary examination absent a showing of good cause. [MCL 766.4(4).]

MCL 766.4(4) permits the district court to consider the sufficiency of the victim's testimony for purposes of probable cause when the prosecution requests an immediate preliminary examination to take and preserve that testimony. Indeed, the magistrate has the duty to determine the credibility of the witnesses presented. *Anderson*, 501 Mich at 184. And, the defendant "may cross-examine the prosecutor's witnesses and present witnesses on his or her own behalf." *Id*. at 183, citing MCL 766.12 ("After the testimony in support of the prosecution has been given, the witnesses for the prisoner, if he have any, shall be sworn, examined and cross-examined and he may be assisted by counsel in such examination and in the cross-examination of the witnesses in support of the prosecution."). See also *People v Brown*, 505 Mich 984; 937 NW2d 696 (2020), citing MCL 766.12 and MCR 6.110(C) (Our Supreme Court reversed the circuit court's decision denying the defendant's motion to quash the bindover because "the district court did not permit the defendant to call witnesses," citing to MCL 766.12.); *People v Manning*, 243 Mich App 615, 623; 624 NW2d 746 (2000) ("If the defendant does not waive preliminary examination, each party may subpoena witnesses, offer proofs, and examine and cross-examine witnesses."); *People v Dodge-Doak*, unpublished per curiam opinion of the Court of Appeals, issued November 10, 2022 (Docket No. 359955) (This Court affirmed the circuit court's decision to dismiss the case after the examining magistrate prohibited the defendant from calling witnesses, "abruptly ended [defense counsel's cross-examination] without warning," and "repeatedly interrupted [defense counsel's] cross-examination as well.").

MCL 766.13 addresses the magistrate or district court's obligation once the preliminary examination concludes:

> If the magistrate determines at the conclusion of the preliminary examination that a felony has not been committed or that there is not probable cause for charging the defendant with committing a felony, the magistrate shall either discharge the defendant or reduce the charge to an offense that is not a felony. If the magistrate determines at the conclusion of the preliminary examination that a felony has been committed and that there is probable cause for charging the defendant with committing a felony, the magistrate shall forthwith bind the defendant to appear within 14 days for arraignment before the circuit court of that county, or the magistrate may conduct the circuit court arraignment as provided by court rule.

In addition to these statutes, MCR 6.110 governs preliminary examinations. In pertinent part, it states:

> **(C) Conduct of Examination.** A verbatim record must be made of the preliminary examination. *The court shall allow* the prosecutor and *the defendant to* subpoena and call witnesses, offer proofs, and examine and *cross-examine witnesses at the preliminary examination*. The court must conduct the examination in accordance with the Michigan Rules of Evidence.

> **(D) Exclusionary Rules.**

(1) The court shall allow the prosecutor and defendant to subpoena and call witnesses from whom hearsay testimony was introduced on a satisfactory showing that live testimony will be relevant.

(2) If, during the preliminary examination, the court determines that evidence being offered is excludable, it must, on motion or objection, exclude the evidence. If, however, there has been a preliminary showing that the evidence is admissible, the court need not hold a separate evidentiary hearing on the question of whether the evidence should be excluded. The decision to admit or exclude evidence, with or without an evidentiary hearing, does not preclude a party from moving for and obtaining a determination of the question in the trial court on the basis of

> (a) a prior evidentiary hearing, or

> (b) a prior evidentiary hearing supplemented with a hearing before the trial court, or

> (c) if there was no prior evidentiary hearing, a new evidentiary hearing.

**(E) Probable Cause Finding.** If, after considering the evidence, the court determines that probable cause exists to believe both that an offense not cognizable by the district court has been committed and that the defendant committed it, the court must bind the defendant over for trial. If the court finds probable cause to believe that the defendant has committed an offense cognizable by the district court, it must proceed thereafter as if the defendant initially had been charged with that offense.

**(F) Discharge of Defendant. No Finding of Probable Cause.** If, after considering the evidence, the court determines that probable cause does not exist to believe either that an offense has been committed or that the defendant committed it, the court must discharge the defendant without prejudice to the prosecutor initiating a subsequent prosecution for the same offense or reduce the charge to an offense that is not a felony. Except as provided in MCR 8.111(C), the subsequent preliminary examination must be held before the same judicial officer and the prosecutor must present additional evidence to support the charge.

\* \* \*

**(H) Motion to Dismiss.** If, on proper motion, the trial court finds a violation of subrule (C), (D), (E), or (F), it must either dismiss the information or remand the case to the district court for further proceedings. [Emphasis added.]

Accordingly, a defendant "shall" have the right to conduct cross-examination of the prosecution's witnesses at the preliminary examination. MCR 6.110(C). And, a violation of MCR 6.110(C) requires a dismissal or remand back to the district court for further proceedings. MCR 6.110(H).

Nevertheless, a party's right of cross-examination is not unlimited. *People v Adamski*, 198 Mich App 133, 138; 497 NW2d 546 (1993). The magistrate has the right to exercise "reasonable control over the mode and order of interrogating witnesses and presenting evidence." MRE 611(a). It must do so to: "(1) make the interrogation and presentation effective for the ascertainment of the truth; (2) avoid needless consumption of time; and (3) protect witnesses from harassment or undue embarrassment." *Id*. "A witness may be cross-examined on any matter relevant to any issue in the case, including credibility." MR 611(c). And, "the judge may limit cross-examination with respect to matters not testified to on direct examination." *Id*.

The following rules apply to the admission of preliminary examination testimony at a trial and are, in part, contingent on the adequacy of the cross-examination conducted in the district court:

> 1. Where defendant is not represented by counsel at the preliminary hearing, all testimony given at the hearing is inadmissible at trial.
>
> 2. Where defendant is represented by counsel at the preliminary hearing, and counsel fully cross-examines a given witness, the transcript of testimony is nonetheless *inadmissible* at trial unless the witness in question cannot reasonably be brought before the court, or is physically or mentally incapacitated. The prosecution must satisfy the court that it in no way caused the witness to be unavailable.
>
> 3. Where defendant is represented by counsel at preliminary hearing, and counsel apparently fails to cross-examine fully a given witness, the transcript of this witness's testimony is *admissible* at trial *if* (a) the unavailability criteria of Rule 2, above, are fulfilled, and (b) the opportunity for cross-examination was available but not exercised. Any effort by the court to limit pertinent and fair cross-examination renders the testimony inadmissible at trial. [*People v Martin*, 21 Mich App 667, 675-676; 176 NW2d 470 (1970) (citations omitted)].

The opportunity to engage in cross-examination and the presence and participation of defense counsel are factors to determine the adequacy of cross-examination. *Id*. at 673. Other factors to consider may include the nature of the proceeding, the witness's character and participation in or connection to the events, the extent of and subjects covered in direct examination, and the time and preparation available to the defendant and his attorney. *Id*. (citation omitted); see also *People v Wittebort*, 81 Mich App 529, 533; 265 NW2d 404 (1978).

In the present case, the preliminary examination began late in the afternoon. The prosecutor conducted its direct examination of the victim, and defense counsel engaged in some cross-examination. Defense counsel indicated that he was not finished with his cross-examination of the victim and asked to continue. The victim, however, did not appear at the next three hearings, apparently because of health reasons and transportation issues. The prosecutor did not seek to dismiss the charges or request an additional adjournment of the preliminary examination for good cause.

Instead, the prosecutor opted to conclude the preliminary examination, requested bindover premised on the evidence presented, and formally rested her case.[1]

Defense counsel objected to the closure of the preliminary examination. And, although he did not seek to call other witnesses, he asked to complete his cross-examination of the victim or to call the victim himself.

Thereafter, the district court allowed the posture of the case to change from determining whether MCR 6.110(C), the cross-examination of witness was satisfied, to granting the closure of the preliminary examination and ruling on the adequacy of the evidence then presented because defense counsel had no additional witnesses. MCL 766.13. The use of the term "shall" in MCR 6.110(C) denotes that defendant was entitled to engage in cross-examination of the prosecutor's witnesses. See also *Anderson*, 501 Mich at 183; *Manning*, 243 Mich App at 623; *Dodge-Doak*, unpub op at 3. Further, the requirement that cross-examination shall occur with counsel's assistance, MCL 766.12, precedes the conclusion of the preliminary examination and the bindover determination, MCL 766.13 and MCR 6.110(E). Whether meaningful cross-examination occurred should have been examined by the lower courts independent of whether there was adequate evidence to support the bindover.[2] See *Wittebort*, 81 Mich App at 533; *Martin*, 21 Mich App at 675-676.

---

[1] On appeal, defendant contends that "[t]he district court reviewed only 16 of the 29 exhibits admitted by stipulation" and failed to consider two recordings from an officer's body worn camera purporting to show that the victim's initial description of shooter "was substantially different than his [preliminary examination] testimony." Below, the magistrate stated that she was forwarding the admitted exhibits to the circuit court; however, when denying defendant's motion for reconsideration, the circuit court indicated that there were no videos from an officer's body cam and the circuit court file contains no exhibits. Regardless, the circuit court concluded that the minimal impeachment value of such evidence would not have required the magistrate to decline to bind defendant over.

[2] Indeed, in opposing defendant's motion to quash, the assistant prosecutor argued:

> Speaking to people in my office about this, we all had a nice chuckle because we all seen judges who completely stopped preliminary exams and said, I seen enough, sit down. The magistrate who's hearing a preliminary exam can determine at that point they had enough and they reached probable cause. It happens all the time. I been told to sit down many times during preliminary examinations and the case is bound over.

But a magistrate opining that the prosecutor has presented sufficient evidence to meet their low probable cause burden for bindover is far different than determining whether a defendant exercised his statutory right to cross-examination. Moreover, when this Court previously described a process for preliminary examination placing discretionary control in the magistrate and expressing that there was "no right to parade witness after witness before the magistrate" after the elements were established, our Supreme Court disapproved of "the sharply restricted scope of preliminary examination reflected" in our opinion. See *People v Springer*, 64 Mich App 260, 261-262; 235 NW2d 753 (1975), aff'd 396 Mich 116, 116-117; 240 NW2d 205 (1976). Further, our Supreme

Although the prosecutor asserts that the district court was entitled to limit cross-examination, that was not the procedural posture of this case. Instead, defendant reserved the right to continue cross-examination. Thereafter, the hearing was adjourned on three occasions because of the victim's unavailability caused by health and transportation issues. At that point, the prosecutor moved for bindover premised on the evidence then presented without consideration of defendant's reservation of the right of continued cross-examination. Because defendant was not afforded the right of continued cross-examination that he reserved, MCL 766.12 and MCR 6.110(C), I would vacate and remand for continuation of defendant's cross-examination of the victim.[3]

/s/ Anica Letica

---

Court suggested that the proper remedy was to move to strike a witness' testimony when that witness was not cross-examined because of illness despite defense counsel's reservation of the right. See *People v Pope*, 108 Mich 361, 366; 66 NW2d 213 (1896). And, in response to this Court's questioning at oral argument, the prosecutor recognized that the record below would be insufficient to bind defendant over without the victim's testimony.

[3] Although I conclude that defendant was entitled to continued cross-examination, I recognize that the district court remains entitled to control and limit defense counsel's questioning, MRE 611, including ensuring that impeachment is proper and pertinent and did not address collateral matters. That, is, although defense counsel stated that he had "lots" of additional cross-examination for the victim, the district court was entitled to determine the propriety of the questioning.

Finally, although the circuit court relied on *People v Den Uyl*, 320 Mich 477, 495; 31 NW2d 699 (1948), to deny the motion to quash, its reliance was on dicta, not on the propriety of allowing for mandamus relief. Rather, the key issue was the examining magistrate's decision to repeatedly grant the prosecutor's request for over 18 months of continuances when the key witness refused to testify at the preliminary examination. *Id*. at 481.