STATE OF MICHIGAN

 COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN, UNPUBLISHED
 November 25, 2014
 Plaintiff-Appellee,

v No. 316903
 Wexford Circuit Court
MARK ANDREW PARRISH, LC No. 2012-010389-FC

 Defendant-Appellant.

Before: K. F. KELLY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

 This is defendant’s appeal as of right from his conviction following a jury trial of six
counts of first-degree criminal sexual conduct (CSC I) under MCL 750.520b(1)(a), one count of
CSC I under MCL 750.520b(1)(b), and one count of second-degree criminal sexual conduct
(CSC II) under MCL 750.520c(1)(a). He was sentenced as an habitual offender, fourth offense,
MCL 769.12, to 30 to 60 years on the CSC I convictions and 10 to 30 years on the CSC II
conviction. This case was previously remanded by this Court for a Ginther1 hearing and to rule
on defendant’s motion for a new trial. See People v Parrish, unpublished order of the Court of
Appeals, issued March 19, 2014 (Docket No. 316903). Having considered defendant’s claims of
ineffective assistance of counsel, improper exclusion of impeachment evidence, and
prosecutorial misconduct, the trial court denied defendant’s motion for a new trial. Having
considered the same issues and additional issues raised by defendant in his Standard 4 brief, see
Michigan Supreme Court Administrative Order 2004-6, Standard 4, we affirm.2

 Defendant’s daughter, E.P., accused defendant of repeatedly sexually abusing her
throughout her childhood starting when she was in kindergarten. E.P. stated that defendant

1
 People v Ginther, 390 Mich 436; 212 NW2d 922 (1973).
2
 In his motion to remand and his initial brief on appeal, defendant raised two additional issues
regarding his sentence. Because the trial court resolved those issues in defendant’s favor on
remand, and defendant affirmatively withdrew his arguments regarding those issues in his
supplemental brief on appeal (after remand), we need not address them.

 -1-
penetrated her vagina with his fingers and his penis, and penetrated her mouth with his penis.
Defendant maintains his innocence and asserts that E.P.’s accusations were fabricated.

 I. E.P.’S STATEMENT TO HER GUARDIAN AD LITEM

 Defendant argues that his constitutional right to confront witnesses against him was
denied when the trial court ruled sua sponte that defense counsel could not ask E.P. about a
conversation between her and her lawyer-guardian ad litem. In his opening statement, defense
counsel stated that E.P. “was lying to people in law enforcement, Child Protective Services, and
her own guardian ad litem.” When defense counsel concluded his opening statement the
prosecutor stated, “Your Honor, I need to place an objection on the record to something [defense
counsel] just said in the opening; he said that she lied to her guardian ad litem.” The court then
excused the jury. Following arguments on the objection, the court interjected “Isn’t there a
question of privilege there as well?” The court then sua sponte ruled in limine that there be no
reference made to communication between E.P. and her guardian ad litem. There was no further
argument or objection on that issue.

 On remand from this Court, the trial court reconsidered its ruling and held that it had
previously erred. The trial court held that it had overlooked People v Adamski, 198 Mich App
133, 137; 497 NW2d 546 (1993), in which this Court held: “It appears well settled as a matter of
constitutional law that common-law or statutory privileges, even if purportedly absolute, may
give way when in conflict with the constitutional right of cross-examination.” However, the trial
court further held that this error was not “substantial” and did not warrant a new trial. We agree.

 Where the trial court has made an error affecting a constitutional right, that error is
subject to reversal unless it is harmless beyond a reasonable doubt. People v Shepherd, 472
Mich 343, 347; 697 NW2d 144 (2005); Delaware v Van Arsdall, 475 US 673, 684; 106 S Ct
1431; 89 L Ed 2d 674 (1986) (Confrontation Clause errors subject to harmless beyond a
reasonable doubt analysis). “A constitutional error is harmless if ‘[it is] clear beyond a
reasonable doubt that a rational jury would have found the defendant guilty absent the error.’”
People v Mass, 464 Mich 615, 640 n 29; 628 NW2d 540 (2001), quoting Neder v United States,
527 US 1, 19; 119 S Ct 1827; 144 L Ed 2d 540 (2001).

 The excluded evidence was cumulative and was not as damaging to the victim’s
credibility as defendant would have us believe. At the evidentiary hearing on remand, E.P.’s
guardian ad litem testified that E.P. never truly recanted her story to him or told him that she had
been lying. The guardian ad litem testified that E.P. had asked hypothetically what would
happen “if I said that none of this happened, would—would everyone just go away and leave me
and my family alone[?]” On direct examination at trial, E.P. indicated that she had considered
recanting. In addition, defense counsel adequately cross-examined E.P. about her prior
inconsistent statements. The jury chose to believe E.P.’s testimony at trial over any prior
inconsistent statements she had made. There is no basis for concluding that the jury would have
been swayed by one additional statement indicating that E.P. had considered recanting.
Therefore, any erroneous exclusion of the evidence was harmless beyond a reasonable doubt and
did not affect the outcome of the trial.

 -2-
 By the same logic, defense counsel was not ineffective for failing to challenge the trial
court’s sua sponte ruling. Under both the Constitution of the United States and the Michigan
Constitution, a criminal defendant has a right to the effective assistance of counsel at trial. US
Const, Am VI; Const 1963, art 1, § 20; Strickland v Washington, 466 US 668, 690; 104 S Ct
2052; 80 L Ed 2d 674 (1984); People v Pickens, 446 Mich 298, 302-303; 521 NW2d 797 (1994).
“Whether a person has been denied effective assistance of counsel is a mixed question of fact
and constitutional law. A judge first must find the facts, and then must decide whether those
facts constitute a violation of the defendant’s constitutional right to effective assistance of
counsel.” People v LeBlanc, 465 Mich 575, 579; 640 NW2d 246 (2002). A trial court’s findings
of fact are reviewed for clear error. Id. Clear error exists if the reviewing court is left with a
definite and firm conviction that the trial court made a mistake. People v Armstrong, 490 Mich
281, 289; 806 NW2d 676 (2011). Questions of constitutional law are reviewed de novo. Id.

 To succeed on a claim that trial counsel was constitutionally ineffective, a defendant must
show two things: (1) that trial counsel’s performance was deficient, and (2) that counsel’s
deficient performance prejudiced the defendant. Strickland, 466 US at 687; Pickens, 446 Mich
at 303. Deficient performance means that “counsel made errors so serious that counsel was not
functioning as the ‘counsel’ guaranteed by the Sixth Amendment.” Strickland, 466 US at 687.
Counsel’s performance is deficient when it “[falls] below an objective standard of
reasonableness.” Pickens, 446 Mich at 303. To prove prejudice, the defendant must show that
there was a “reasonable probability that, but for counsel’s error, the result of the proceeding
would have been different.” Strickland, 466 US at 687. “Effective counsel is presumed, and the
defendant bears a heavy burden of proving otherwise.” People v Eloby, 215 Mich App 472, 476;
547 NW2d 48 (1996). “This Court will not second-guess counsel regarding matters of trial
strategy, and even if defense counsel was ultimately mistaken, this Court will not assess
counsel’s competence with the benefit of hindsight.” People v Rice, 235 Mich App 429, 445;
597 NW2d 843 (1999). “Decisions regarding what evidence to present, whether to call
witnesses, and how to question witnesses are presumed to be matters of trial strategy.” People v
Horn, 279 Mich App 31, 39; 755 NW2d 212 (2008). Although “a court cannot insulate the
review of counsel’s performance by calling it trial strategy,” People v Trakhtenberg, 493 Mich
38, 52; 826 NW2d 136 (2012), where strategic choices are made following a reasonable
investigation, it can be concluded that counsel has acted with reasonable professional judgment.
Id.

 Had defense counsel vigorously argued for the admission of the excluded evidence, the
jury would have heard about an additional instance where E.P. considered recanting her
allegations. This evidence would have been cumulative and only probative of the fact that E.P.
had asked about what would happen if she recanted. There is no indication that the jury would
have been swayed by one additional statement that she had considered recanting her story or
talked with her guardian ad litem about doing so.

 Defendant also argues that the prosecutor committed misconduct by taking advantage of
this erroneous ruling and arguing, contrary to fact, that E.P. did not recant her allegations.
“Appellate review of allegedly improper conduct [by the prosecutor] is precluded if the
defendant fails to timely and specifically object, unless an objection could not have cured the
error or a failure to review the issue would result in a miscarriage of justice.” People v
Rodriguez, 251 Mich App 10, 30; 650 NW2d 96 (2002). “Appellate review of improper

 -3-
prosecutorial remarks is generally precluded absent an objection because it deprives the trial
court of an opportunity to cure the error.” People v Ullah, 216 Mich App 669, 679; 550 NW2d
568 (1996). Here, defendant did not raise the issue of prosecutorial misconduct at trial.
Therefore the issue is not preserved. Even if defendant had preserved his claim of prosecutorial
misconduct, our review of the record shows that the prosecutor acted properly. “We review
claims of prosecutorial misconduct case by case, examining the remarks in context, to determine
whether the defendant received a fair and impartial trial.” People v Watson, 245 Mich App 572,
586; 629 NW2d 411 (2001). The prosecutor made appropriate objections when defense counsel
mischaracterized the evidence. Defendant was not denied a fair and impartial trial.

 II. THE INTERVIEW TRANSCRIPT AS EXTRINSIC IMPEACHMENT EVIDENCE

 Defendant argues that counsel was ineffective for failing to seek admission of an
interview transcript in which E.P. tells a sheriff’s detective and three caseworkers from Child
Protective Services (CPS) that her accusations of sexual abuse were false. We disagree. At the
Ginther hearing, defense counsel stated that he rarely seeks to introduce a police record into
evidence when he can get the same information through a witness on cross-examination. Here,
E.P. testified about meeting with the lead police investigator and her CPS caseworkers and
telling them that her allegations were untrue. She also testified that she quickly withdrew her
recantation at that meeting and reaffirmed that the sexual abuse had actually occurred. The
transcript of that meeting, which defendant now claims his counsel was ineffective for not
seeking to admit, bears this out and accordingly, it would have been cumulative given that E.P.
testified about its content at trial.

 Defense counsel’s decision not to seek to admit the interview transcript was clearly a
matter of trial strategy that we will not now second-guess. But even if counsel had failed to
provide effective assistance, failing to introduce the transcript as impeachment evidence did not
prejudice defendant. Defendant is correct that this case almost exclusively came down to
whether the jury believed E.P.’s testimony, and that evidence harmful to her credibility was
crucial for his defense. However, like the excluded evidence of E.P.’s conversation with her
guardian ad litem, the transcript would not have harmed her credibility any more than her own
testimony regarding the content of the transcript. Prejudice requires a showing of a reasonable
probability that the outcome of the trial would have been different had counsel acted effectively.
Strickland, 466 US at 687. We are not convinced that anything in the transcript would have
swayed the jury. The jury knew E.P. had previously recanted her allegation, and they chose to
credit her testimony at trial. Extrinsic evidence of facts the jury heard through testimony would
have been cumulative and unpersuasive.

 III. ISSUES RAISED BY DEFENDANT IN HIS STANDARD 4 BRIEF

 Defendant argues that the trial court should have granted his motion to dismiss all
charges when the prosecutor failed to show up for a pre-trial hearing. Whether to grant a motion
to dismiss is within the sound discretion of the trial court. People v Adams, 232 Mich App 128,
132; 591 NW2d 44 (1998). Abuse of discretion occurs when the trial court’s decision falls
outside the range of reasonable and principled outcomes. People v Babcock, 469 Mich 247, 269;
666 NW2d 231 (2003). At the time of the pre-trial hearing, the Wexford County Prosecutor’s

 -4-
office had recently changed hands following an election. The incoming county prosecutor
discovered that he had a conflict of interest in this case and recused himself. At the time of the
pre-trial hearing, the Attorney General’s office had not yet appointed a new prosecutor to the
case. The trial court found that the prosecutor’s conduct was proper and was not dilatory. The
trial court denied the motion to dismiss all criminal charges against defendant. There being no
binding authority requiring the trial court to grant a criminal defendant’s motion to dismiss under
these circumstances, the trial court acted within its sound discretion.

 Defendant also argues that the trial court committed error requiring reversal by
improperly instructing the jury that it would hear about an act of cunnilingus as a factual basis
for one of the charges.

 “We review jury instructions in their entirety to determine if error requiring
 reversal occurred. The instructions must not be extracted piecemeal to establish
 error. Even if the instructions are somewhat imperfect, reversal is not required as
 long as they fairly presented the issues to be tried and sufficiently protected the
 defendant’s rights.” [People v Aldrich, 246 Mich App 101, 124; 631 NW2d 67
 (2001) (citations and internal quotation marks omitted).]

 The trial court erroneously stated in the preliminary instructions that a factual basis for
one of the charges of CSC I was an act of cunnilingus. The trial court recognized it had made a
mistake and told counsel about its mistake outside the presence of the jury. The trial court
promised to correct the mistake in the final instructions and give an instruction that the jury was
not to consider uncharged acts. There was no testimony at trial regarding an act of cunnilingus.
The trial court’s final instructions to the jury were proper and conformed to the factual basis for
the charges as expressed in the felony informations. The trial court did not give an additional
curative instruction on uncharged acts.

 The trial court’s decision not to call the jury’s attention to its earlier mistake makes sense
in light of the testimony at trial. It would not have made sense to give the jury an instruction
regarding uncharged acts, because it did not hear any testimony regarding uncharged acts—each
of the acts the jury heard about formed the factual basis for one of the counts in the informations.
Further, the court instructed the jury that it was to “only consider the evidence that has been
properly admitted in this case.” The court stated, “My comments, rulings, questions, and
instructions are not evidence.” “It is well established that jurors are presumed to follow their
instructions.” People v Graves, 458 Mich 476, 486; 581 NW2d 229 (1998).

 Defendant also asserts that his counsel’s failure to object to the erroneous instruction
rendered his counsel ineffective. Because the erroneous preliminary instruction that was
corrected in the final instructions did not prejudice defendant, defense counsel was not
ineffective for failing to object. The court did nothing objectionable at the time, and an attorney
is not required to make a meritless objection. People v Knapp, 244 Mich App 361, 386; 624
NW2d 227 (2001).

 Finally, defendant argues that the prosecutor acted improperly when she sought to admit
school photographs of E.P. without showing them to defense counsel before the first day of trial.
Outside the presence of the jury, the prosecutor announced her intention to admit the

 -5-
photographs and stated that she had received them two days earlier. The court allowed defense
counsel an opportunity to review the photographs and counsel did not object to their admission.
Defendant cites no authority for the proposition that what the prosecutor did here constitutes
misconduct. We are not persuaded that the prosecutor’s actions in any way denied defendant a
fair and impartial trial.

 Affirmed.

 /s/ Kirsten Frank Kelly
 /s/ David H. Sawyer
 /s/ Patrick M. Meter

 -6-