*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

WILLIE LEE HILL,

Defendant-Appellant.

UNPUBLISHED
July 16, 2020

No. 347823
Saginaw Circuit Court
LC No. 17-044256-FC

Before: GADOLA, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

A jury convicted defendant of armed robbery, MCL 750.529, carjacking, MCL 750.529a, two counts of unlawful imprisonment, MCL 750.349b(1), fourth-degree fleeing a police officer, MCL 257.602a(2), and resisting or obstructing a police officer, MCL 750.81d(6). Defendant challenges the sufficiency of the evidence supporting his unlawful imprisonment convictions, contends that the trial court violated his right to confront the witnesses against him by preventing his recross-examination of one of the victims, and asserts that the court erroneously scored Offense Variable (OV) 8. We discern no error and affirm.

## I. BACKGROUND

Defendant's convictions arise from a crime spree on October 17, 2016. Defendant began by robbing a gas station where he was a well-known and regular customer. Defendant followed the attendant into the booth that houses the cash register and blocked the attendant's escape. Defendant forced the attendant at knife point to give him the contents of the register. To flee the scene, defendant stole a car from Josie Hardaway in a nearby store's parking lot. Defendant approached Hardaway as she was entering her vehicle and poked her with an object she believed was a gun. Defendant forced his way into Hardaway's vehicle and tried to push her toward the passenger seat. Hardaway convinced defendant to allow her to walk around to the passenger side and took her opportunity to run away. Later that same day defendant crashed Hardaway's car while fleeing the police and then resisted arrest.

-1-

## II. SUFFICIENCY OF THE EVIDENCE

Defendant first contends that the record evidence does not support that he unlawfully imprisoned either robbery victim. We review de novo a defendant's challenge to the sufficiency of the evidence, "view[ing] the evidence in the light most favorable to the prosecution to determine whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). In making this assessment, we do "not interfere with the factfinder's role of determining the weight of the evidence and the credibility of witnesses." *People v Kosik*, 303 Mich App 146, 150; 841 NW2d 906 (2013). "It is for the trier of fact, rather than this Court, to determine what inferences can be fairly drawn from the evidence and to determine the weight to be afforded to the inferences." *Id*. at 150-151.

The jury convicted defendant of unlawful imprisonment under MCL 750.349b(1)(a) MCL 750.349b(1)(c). MCL 750.349b(1) provides, in relevant part:

> A person commits the crime of unlawful imprisonment if he or she knowingly restrains another person under any of the following circumstances:

> (a) The person is restrained by means of a weapon or dangerous instrument.

> * * *

> (c) The person was restrained to facilitate the commission of another felony or to facilitate flight after commission of another felony.

"Restrain" is defined in the statute as

> to forcibly restrict a person's movements or to forcibly confine the person so as to interfere with that person's liberty without that person's consent or without lawful authority. The restraint does not have to exist for any particular length of time and may be related or incidental to the commission of other criminal acts. [MCL 750.349b(3)(a).]

"The unlawful-imprisonment statute's definition of 'restrain' provides that '[t]he restraint does not have to exist for any particular length of time . . . .' MCL 750.349b(3)(a). In other words, the crime can occur when the victim is held for even a moment." *People v Chelmicki*, 305 Mich App 58, 70; 850 NW2d 612 (2014). And to "facilitate the commission of another felony or to facilitate flight after commission of another felony," means "to make" the commission or the flight "easier." *Merriam-Webster's Collegiate Dictionary* (11th ed).

Defendant was convicted of unlawfully imprisoning Hardaway while using a weapon and to facilitate the commission of a carjacking. Carjacking is proscribed by MCL 750.529a and includes elements of both larceny and placing another in fear. Hardaway testified that defendant was "all over" her "as soon as she opened the car door," poked her with a hard object that she thought was a gun, ordered her to get into the passenger seat, and that she did not feel free to leave. This was enough to "restrain" Hardaway and sufficient to facilitate defendant's commission of carjacking.

-2-

The evidence also supported defendant's conviction for unlawfully imprisoning Saleh while committing armed robbery and using a knife. Defendant argues that he only intended to persuade Saleh to turn over cash from the register before fleeing, not to restrain Saleh. However, defendant followed Saleh into the cash register booth, used his leg to prevent Saleh's exit, and held Saleh in the booth at knife point. Defendant then forced Saleh out of the gas station where there were no security cameras. On this record, defendant is not entitled to relief.

## III. CROSS-EXAMINATION – CONFRONTATION CLAUSE

Defendant next argues that the trial court violated his right of confrontation by denying his request for recross-examination of Hardaway. Defendant failed to object on this ground below. Accordingly, our review is limited to plain error impacting defendant's substantial rights. *People v Carines*, 460 Mich 750, 765-766, 597 NW2d 130 (1999).

"A primary interest secured by the Confrontation Clause is the right of cross-examination." *People v Gaines*, 306 Mich App 289, 315; 856 NW2d 222 (2014). "A limitation on cross-examination that prevents a defendant from placing before the jury facts from which bias, prejudice, or lack of credibility of a prosecution witness might be inferred constitutes denial of the constitutional right of confrontation." *People v Kelly*, 231 Mich App 627, 643; 588 NW2d 480 (1998). However, "[t]he right of cross-examination is not without limit; neither the Confrontation Clause nor due process confers an unlimited right to admit all relevant evidence or cross-examine on any subject." *People v Adamski*, 198 Mich App 133, 138; 497 NW2d 546 (1993). "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness'[s] safety, or interrogation that is repetitive or only marginally relevant." *Delaware v Van Arsdall*, 475 US 673, 679; 106 S Ct 1431; 89 L Ed 2d 674 (1986).

Here, defendant argues that the trial court inappropriately denied his request for recross-examination based on a "policy" to never allow recross-examination. There is no record indication that the trial court had such a policy. Rather, in denying defendant's request to recross-examine Hardaway, the trial court stated:

> So, [defense counsel] had an adequate opportunity to question the witness on cross examination. If [the prosecutor] had exceeded the scope of cross examination [sic redirect] as this Court had previously pointed out, [defense counsel] should have posed the appropriate objection at that time of exceeding the scope of cross examination. So this Court does not allow re-cross examination. And the Court is not going to find an exception in this particular case.

Although the court did say it "does not allow re-cross examination," it immediately acknowledged that it makes exceptions to that rule. There simply was no ground to find that the court had a hard and fast policy that violated Confrontation Clause principles.

Defendant also argues that the trial court misframed the issue by concluding that defense counsel should have objected to the prosecution's exceeding the scope of redirect examination. Defendant argues that "there was no 'exceeding the scope' objection for the defense to make"

because "[t]he scope of the defense cross-examination encompassed whether Ms. Hardaway had been free to leave the car." Defendant argues that, rather, he should have been permitted to ask anything of Hardaway on recross-examination that was material, irrespective of the scope of redirect examination.

However, the record demonstrates that defendant had an adequate opportunity to cross-examine Hardaway. During cross-examination, defense counsel and Hardaway had the following exchange:

> *Q.* Ran, okay. This person that approached you didn't tell you to stay some place or not to run to the store, did he?
>
> *A.* No.
>
> *Q.* So you were able to go to the store when you walked around the car, is that correct?
>
> *A.* I ran in the store.
>
> &ast; &ast; &ast;
>
> *Q.* He didn't stop you from running into the store?
>
> *A.* No. No.

Defendant was able to cross-examine Hardaway on whether defendant stopped her from escaping. Although Hardaway testified on redirect that she did not feel free to leave, defendant got in the information he needed. Accordingly, defendant's right to examine the prosecution's witness was not unconstitutionally limited and defendant again is not entitled to relief.

IV. OV 8

Finally, defendant contends that the trial court erroneously assessed 15 points for OV 8. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Clear error exists when the reviewing court is left with a definite and firm conviction that a mistake was made." *People v McDade*, 301 Mich App 343, 356; 836 NW2d 266 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Hardy*, 494 Mich at 438.

"[OV 8] is victim asportation or captivity." MCL 777.38(1). Under MCL 777.38(1)(a), when "[a] victim was asported to another place of greater danger or to a situation of greater danger or was held captive beyond the time necessary to commit the offense," 15 points are assessed.

"A victim is asported to a place or situation involving greater danger when moved away from the presence or observation of others." *Chelmicki*, 305 Mich App at 70-71. In *Chelmicki*, 305 Mich App at 71, "[t]he victim was . . . asported to a place of greater danger because she was

moved away from the balcony, where she was in the presence or observation of others, to the interior of the apartment, where others were less likely to see defendant committing a crime." "[M]ovement of a victim that is incidental to the commission of a crime nonetheless qualifies as asportation." *People v Barrera*, 500 Mich 14, 17; 892 NW2d 789 (2017). "[P]laces where others [are] less likely to see defendant committing crimes" constitute places or situations of greater danger under MCL 777.38(1)(a) for which OV 8 is properly scored. *People v Steele*, 283 Mich App 472, 491; 769 NW2d 256 (2009).

In this case, Saleh testified that defendant blocked the door to the cash register booth, which was closed to everyone. Inside, defendant placed the knife on Saleh's back and neck and ordered Saleh to put the money in the bag. After taking the bag with the money, defendant instructed Saleh to follow him outside. Saleh stated that he was scared to follow defendant, because there was no camera outside, and Saleh was afraid that defendant was going to kill him. This evidence supported that defendant asported Saleh to a place of greater danger—first to the closed-off cash register booth where no one could assist him and then outside, away from the view of the security cameras. Accordingly, resentencing is not warranted.

We affirm.

/s/ Michael F. Gadola
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens