*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

JOHN LEWIS WEIRICH,

        Defendant-Appellant.

UNPUBLISHED
February 10, 2022

No. 354289
Cass Circuit Court
LC No. 19-010201-FH

Before: BORRELLO, P.J., and M. J. KELLY and REDFORD, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of domestic violence, third offense, MCL 750.81(5). The trial court sentenced defendant as a fourth offense habitual offender, MCL 769.12, to serve 210 days in jail in addition to two years of probation. We affirm.

## I. FACTUAL BACKGROUND

The police arrived at defendant's house on January 23, 2019, while defendant and the complainant were arguing. The complainant ultimately left the house with her two daughters and did not return. Although the complainant did not accuse defendant of committing any violence that night, she informed an officer that defendant physically assaulted her during an argument that had occurred four days earlier. At defendant's trial, the complainant testified that she had broken away from an argument with defendant and gone to bed, then heard defendant leave the house for a while before returning, upon which defendant jumped on her while yelling that he would kill her if he ever learned that she had been unfaithful to him. Defendant, who was approximately 6 feet tall and weighed approximately 180 pounds, violently pulled off a blanket in which the complainant, who was 4 feet/10 inches tall and weighed 94 pounds, had wrapped herself, causing her to spin on the mattress. The complainant further testified that defendant lifted the mattress and propelled her with it into a wall. Both of the complainant's daughters testified that they were awakened by a noise on their adjoining bedroom wall and that they heard an argument. One of the daughters peeked into defendant's bedroom to see him grabbing the complainant's arms while arguing. The complainant's bruises were later photographed at the police station.

-1-

## II.  RIGHT TO CROSS-EXAMINE

Defendant argues that the trial court erred by excluding defendant's cross-examination of the complainant about previous reports of domestic violence she made while in other relationships. We disagree.

We review for an abuse of discretion a trial court's decision on an evidentiary issue. *People v Chelmicki*, 305 Mich App 58, 62; 850 NW2d 612 (2014). The trial court does not abuse its discretion when it chooses an outcome within the range of reasonable and principled outcomes. *People v Buie*, 491 Mich 294, 320; 817 NW2d 33 (2012). We review de novo questions of constitutional law such as whether a decision on the admission of evidence violated a defendant's right of confrontation. *People v Nunley*, 491 Mich 686, 696-697; 821 NW2d 642 (2012).

In this case, on direct examination, the complainant testified that every day she felt "haunted by the nightmare of [the assault]," and described several "unsettling" emotional complications she attributed to the incident, including self-isolation, insomnia, and nightmares. On cross-examination, defense counsel followed up on this line of questioning and asked the complainant how the incident made her feel, and she testified that it gave her nightmares, and caused a lack of trust in others.

Defense counsel then asked whether the complainant's last three or four relationships had ended with her calling the police. The prosecution objected to this question as seeking irrelevant and improper character evidence. In response to the prosecution's objection, defense counsel argued for admission of the information to test the credibility of the complainant's testimony that she had been traumatized by the incident with defendant. The trial court sustained the prosecution's objection.

Defendant first argues that the trial court incorrectly applied MRE 608. Defendant contends that the trial court failed to acknowledge that it had the discretion to admit the evidence, and that the court should have done so to allow defendant to cross-examine the complainant about her truthfulness. MRE 608(b) provides in relevant part:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness' credibility, other than conviction of crime . . . , may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

Under MRE 608(b), the trial court has discretion to permit a party to elicit on cross-examination evidence of the witness's "false prior accusation" to expose a character of untruthfulness, but does not allow for such "specific conduct to be 'proved by extrinsic evidence.'" *People v Jackson*, 475 Mich 909, 910; 717 NW2d 871 (2006).

In this case, the record reflects that no evidence established that the complainant made prior false accusations of domestic violence. Defense counsel's question to the complainant about calling the police to report violence in previous relationships concerned instances of conduct, but not ones "concerning the witness' character for truthfulness or untruthfulness." Even if the complainant had reported domestic violence to the police in previous relationships, the fact that she made such reports did not establish that they were false, and therefore could not demonstrate a character for untruthfulness. The trial court did not abuse its discretion by refusing to admit the challenged evidence under MRE 608(b). Nor did the trial court err by not expressly acknowledging that it had discretion because the rule does not require that the trial court state on the record that it has discretion and declines to exercise that discretion in ruling on the admissibility of evidence. Defendant argues further that the trial court errantly considered the admissibility of the evidence under MRE 608. The record, however, reflects that at trial, defense counsel impliedly referenced MRE 608 by stating, "Your Honor, . . . as long as I'm not using . . . specific incidences of collateral events, I can impeach her trustworthiness or her credibility." Regardless, the trial court properly recognized the applicable evidentiary rule and correctly applied it to preclude admission of irrelevant and improper character evidence.

Defendant also argues that evidence of the complainant's calls to the police to report domestic violence in previous relationships should have been admitted to impeach her testimony describing "unsettling" symptoms as a result of the assault, including that she felt "haunted by the nightmare" of the incident involving defendant. We disagree.

A trial court has the discretion to allow questioning for the purpose of "correcting the false impression" given by a witness's testimony. *People v Clark*, 330 Mich App 392, 432; 948 NW2d 604 (2019). The admission of rebuttal evidence for the purposes of impeaching a misleading statement by a witness is within the discretion of the trial court. *People v Figgures*, 451 Mich 390, 400; 547 NW2d 673 (1996). Impeachment evidence is relevant because the jury is "entitled to assess all evidence that might bear on the accuracy and truth of a witness' testimony." *People v Layher*, 464 Mich 756, 765; 631 NW2d 281 (2001).

In this case, however, defendant offered no evidence to impeach the complainant's statement that she suffered lasting difficulties because of defendant's attack. Evidence that the complainant previously reported incidents of domestic violence that may have occurred during other relationships would not have contradicted her account of specific difficulties that she testified arose from the trauma she experienced from defendant's assault. Defendant protests that questions about "those previous allegations were proper to test the credibility of her self-portrayal as a victimized innocent," but it is not apparent to us that evidence of the complainant's reports of other unrelated incidents of domestic violence to the police during previous relationships would have contradicted or otherwise impeached her testimony that she had been a victim of defendant's domestic violence and traumatized by defendant's conduct. Whether the complainant had reported domestic violence to the police during previous relationships had no relevance regarding whether defendant assaulted her or whether she had been traumatized by his assault of her.[1] Evidence of

---

[1] Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be

the complainant's reports of domestic violence by others lacked probative value regarding her character for truthfulness respecting her complaint that defendant engaged in domestic violence against her.

Defendant also argues that the trial court infringed his right to cross-examination when it denied him the opportunity to question the complainant about domestic violence reports during previous relationships. We disagree.

The Confrontation Clause of the Sixth Amendment ensures the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing through face-to-face meeting between defendant and his accusers who may be subjected to cross-examination before the triers of fact who observe the witness' demeanor. *Maryland v Craig*, 497 US 836, 845-846; 110 S Ct 3157; 111 L Ed 2d 666 (1990); *People v Sammons*, 191 Mich App 351, 356; 478 NW2d 901 (1991). Such testing is at the heart of the right of cross-examination. *People v Adamski*, 198 Mich App 133, 138; 497 NW2d 546 (1993). "The right of cross-examination is not without limit; neither the Confrontation Clause nor due process confers an unlimited right to admit all relevant evidence or cross-examine on any subject" nor does it "include a right to cross-examine on irrelevant issues." *Id*. (citations omitted). Nevertheless, "[a] broad range of evidence may be elicited on cross-examination for the purpose of discrediting a witness." *Wischmeyer v Schanz*, 449 Mich 469, 474; 536 NW2d 760 (1995). Issues regarding the credibility of a witness by exposing "possible biases, prejudices, or ulterior motives" are appropriate subjects for cross-examination. *Davis v Alaska*, 415 US 308, 316-317; 94 S Ct 1105; 39 L Ed 2d 347 (1974). See also MRE 611(c) which provides: "A witness may be cross-examined on any matter relevant to any issue in the case, including credibility." "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Adamski*, 198 Mich App at 138 (citation omitted; alteration in original).

In this case, defendant has failed to demonstrate that questioning about previous reports of domestic violence in other relationships had any bearing on the issue of the complainant's credibility. Such questioning lacked relevance to the complainant's credibility and whether defendant committed the alleged assault and would not have tested the truth of the complainant's testimony. The Confrontation Clause requires that a defendant be permitted to introduce only relevant and admissible evidence. *People v Hackett*, 421 Mich 338, 354; 365 NW2d 120 (1984). A defendant "must still comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *People v Yost*, 278 Mich App 341, 379; 749 NW2d 753 (2008) (quotation marks and citation omitted). Further, the record reflects that defendant was not deprived of the opportunity to cross-examine the complainant and test the truth of her testimony. Defense counsel challenged the complainant's credibility by eliciting evidence that she did not tell responding officers that she suffered injury

---

without the evidence." MRE 401. See *People v Sabin (After Remand)*, 463 Mich 43, 56-57; 614 NW2d 888 (2000). "Under this broad definition," evidence that is useful in shedding light on any material point is admissible. *People v Aldrich*, 246 Mich App 101, 114; 631 NW2d 67 (2001).

during the assault and that she had a reason other than defendant's assault to be upset with him—in particular, that he had impregnated another woman. The trial court, therefore, did not abuse its discretion by limiting defendant's cross-examination to relevant issues.

Affirmed.

/s/ Stephen L. Borrello
/s/ Michael J. Kelly
/s/ James Robert Redford